# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONRAD A. MCWILLIAMS, | ) | |
| | ) | Civil Action No. 11 - 1214 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| MICHAEL HARLOW and THE | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Conrad A. McWilliams ("Petitioner") is a Pennsylvania state prisoner currently incarcerated at the State Correctional Institute in Albion, Pennsylvania. He initiated this action in September 2011 by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Upon consideration of the submissions of both parties, the Court finds that the petition is untimely and must be dismissed.

### A. Relevant Procedural History

In November 1966, Petitioner was indicted in Allegheny County with one count of murder of the first and second degree. (ECF No. 9-1 at 1.) On November 13, 1967, Petitioner pled guilty to the general charge of homicide. (ECF No. 9-1 at 23.) A three-judge panel heard the evidence concerning the degree of guilt and sentence. (ECF No. 9-1 at 23.) At the conclusion of the hearing on November 15, 1967, the court set the degree of guilt at first degree and imposed a sentence of life in prison. (ECF No. 9-1 at 23.) No petition to withdraw the

guilty plea was ever filed and no appeal from the judgment of sentence was ever filed with the Superior Court of Pennsylvania. (ECF No. 9-1 at 23.)

On April 27, 1987, Petitioner filed a *pro se* petition pursuant to the Post-Conviction Hearing Act ("PCHA") alleging ineffectiveness of plea counsel. (ECF No. 9-1 at 10-15, 16-17.) The Public Defender was appointed to represent Petitioner and thereafter filed an amended PCHA petition on August 30, 1988. (ECF No. 9-1 at 18-22.) A hearing was conducted on March 7, 1989, in order to consider the merits of the issues raised in his PCHA petition. *See* ECF No. 9-1 at 24-25. On April 5, 1989, the court denied the PCHA petition. (ECF No. 9-1 at 23-29.) Petitioner appealed (ECF No. 9-3), and the Superior Court of Pennsylvania affirmed the denial of the PCHA petition on March 13, 1990 (ECF No. 9-4 at 1-7). Petitioner did not seek review to the Supreme Court of Pennsylvania.

On April 18, 2007, Petitioner filed a *pro se* petition pursuant to the Post-Conviction Relief Act ("PCRA") alleging that he was entitled to a new trial based on newly discovered evidence that he was never informed of a plea bargain reached between his plea counsel and the District Attorney.[1] (ECF No. 9-4 at 8-18.) The court denied the PCRA petition on May 23, 2007. (ECF No. 9-4 at 19, 20-21.) Petitioner appealed (ECF No. 9-4 at 22-24, 28-46) and the Commonwealth conceded that the PCRA court had improperly dismissed the petition without providing Petitioner notice of intent to dismiss and allowing him the opportunity to amend the petition (ECF No. 9-5 at 1-12). The Superior Court of Pennsylvania agreed, vacated the PCRA court's order and remanded the case back to the PCRA court. (ECF No. 9-5 at 17-21).

---

[1] Effective April 13, 1988, the PCHA was repealed and substantially modified by Pennsylvania's Post-Conviction Relief Act, 42 Pa. C.S.A. §§ 9541-46.

On September 1, 2009, the PCRA court issued its notice of intent to dismiss (ECF No. 9-5 at 22-23) and Petitioner filed his response on September 18, 2009 (ECF No. 9-5 at 24-25). On November 18, 2009, the PCRA court entered its order and opinion denying the PCRA petition. (ECF No. 9-5 at 26-35.) Petitioner appealed (ECF No. 9-6 at 1-20), and on November 23, 2010, the Superior Court of Pennsylvania issued its order and opinion finding that the petition was untimely filed (ECF No. 9-6 at 21-29). Petitioner did not seek review to the Supreme Court of Pennsylvania.

Petitioner filed the instant *pro se* federal habeas petition in this Court on September 19, 2011.[2] In his habeas petition, Petitioner raises the following claims:

1. Did trial counsel render ineffective assistance of counsel, violative of petitioner's constitutional right, in failing to notify petitioner that the Commonwealth had offered a plea agreement which would have significantly shortened his sentence?

2. Did the state court inadequately, in violation of petitioner's constitutional rights, find petitioner did not use "due diligence" in bringing his claim when the trial court found he had, and not affording him an evidentiary hearing?

(ECF No. 4 at 2.)

## B. Time Period for Filing Federal Habeas Corpus Petitions

This proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.

---

[2] This is the filing date under the "mailbox rule." Pennsylvania and federal courts employ the prisoner mailbox rule. *See* Perry v. Diguglielmo, 169 Fed. Appx. 134, 136 n.3 (3d Cir. 2006) (citing Commonwealth v. Little, 716 A.2d 1287 (Pa. Super. Ct. 1998)); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Under this doctrine, a prisoner's *pro se* pleading is deemed filed when delivered to prison officials for mailing. *See* Burns, 134 F.3d at 113; Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) (deemed filed when given to proper prison authority or placed in a prison mailbox).

No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA").[3]  Pursuant to the AEDPA, Congress

imposed a one-year limitations period applicable to state prisoners, which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of –
>
> > (A)      the date on which the judgment became final by the conclusion of
> > direct review or the expiration of the time for seeking such review;
> >
> > (B)      the date on which the impediment to filing an application created
> > by State action in violation of the Constitution or laws of the
> > United States is removed, if the applicant was prevented from
> > filing by such State action;
> >
> > (C)      the date on which the constitutional right asserted was initially
> > recognized by the Supreme Court, if that right has been newly
> > recognized by the Supreme Court and made retroactively
> > applicable to cases on collateral review; or
> >
> > (D)      the date on which the facts supporting the claim or claims
> > presented could have been discovered through the exercise of due
> > diligence.
>
> (2)      The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment
> or claim is pending shall not be counted toward any period of limitation
> under this section.

28 U.S.C. § 2244(d).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim

basis.  Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005).  In

analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year

limitations period, a federal court must undertake a three-part inquiry.  First, the court must

determine the date that the petitioner's direct review concluded and the judgment became "final"

---

[3] Because Petitioner filed his federal habeas petition in 2011, after the effective date of the AEDPA, the Court must apply the standards set forth in the AEDPA to his claims for federal habeas relief.  *See* Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000) (citing Lindh v. Murphy, 521 U.S. 320, 336 (1997)).

for purposes of triggering the one-year period under section 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant case, Petitioner was sentenced on November 16, 1967. He did not file a direct appeal with the Superior Court of Pennsylvania; thus, his conviction became final on December 16, 1967, upon the expiration of time to seek appellate review. *See* <u>Swartz v. Meyers</u>, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review). State prisoners whose convictions became final before the April 24, 1996 enactment of the AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. *See* <u>Burns v. Morton</u>, 134 F.3d 109, 111 (3d Cir. 1998). Therefore, Petitioner had until April 23, 1997, to timely file his federal habeas petition. The instant petition was not filed until September 19, 2011, and is untimely.

Petitioner implicitly argues that the factual predicate upon which his claims are based was not discoverable until 2007. Thus, it appears that Petitioner is arguing that his petition is timely pursuant to 28 U.S.C. § 2244(d)(1)(D). According to Petitioner, the facts were discovered when he made an impromptu telephone call to former Assistant District Attorney David O'Hanesian concerning an unrelated matter.[4] (ECF No. 4 at 3.) In his sworn declaration, Mr. Hanesian states that when he received the call on February 27, 2007, he was "amazed" that

---

[4] Although Mr. Hanesian was personally involved in Petitioner's criminal case, he did not participate in nor was present during Petitioner's guilty plea. (ECF No. 3-1 at 2.)

Petitioner was still in jail because it was his understanding that the district attorney and Petitioner's plea counsel had agreed on a lesser degree of guilt due to Petitioner's youth and cooperation. (ECF No. 3-1 at 2.) Petitioner argues that these facts could not have been ascertained at any earlier date by the exercise of due diligence.

This purported plea agreement was the subject of Petitioner's PCRA petition filed on April 18, 2007. (ECF No. 9-4 at 8-18.) By order dated November 18, 2009 and entered on February 1, 2010, the PCRA court denied Petitioner's PCRA petition without a hearing. (ECF No. 9-5 at 26-35.) In explaining its order, the PCRA court initially found that, since Petitioner had filed his petition within 60 days of learning Mr. O'Hanesian's information, the petition was timely under the newly discovered evidence exception to the PCRA time-bar. Yet, relying upon testimony given during Petitioner's 1989 PCHA hearing, the PCRA court nevertheless held that Petitioner's claim was frivolous. On appeal, the Pennsylvania Superior Court concluded that the PCRA court had erred and found instead that the petition was untimely because Petitioner offered no explanation as to why the claimed plea agreement could not have been discovered earlier and failed to explain the diligence he used during the intervening 40 years to discover the unknown facts. (ECF No. 9-6 at 21-29.)

Like the Pennsylvania Superior Court, this Court also finds that Petitioner has not shown that his claims are based upon a factual predicate that could not have been discovered earlier through the exercise of due diligence in the 40 years after he was sentenced. Nevertheless, even if this Court were to find that Petitioner could not have discovered the information prior to the February 27, 2007 phone conversation with Mr. O'Hanesian, the instant habeas petition would still be untimely. Under Section 2244(d)(1)(D), Petitioner was required to file his federal habeas petition within one-year of February 27, 2007, and he did not do so. Although 28 U.S.C. §

2244(d)(2) provides for tolling during the pendency of a petitioner's "properly filed" state post-conviction proceedings, an untimely post-conviction petition is not considered to be "properly filed" and does not entitle a petitioner to statutory tolling. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). *See also* Merritt v. Blaine, 326 F.3d 157, 165 (3d Cir. 2003) (holding that untimely PCRA petition does not toll the federal limitations period even where the petitioner sought to pursue his PCRA petition under a statutory exception to the PCRA's time bar). The Pennsylvania Superior Court concluded that Petitioner's PCRA petition was untimely and this Court is "bound" by the state court's finding. Merritt, 326 F.3d at 166 (federal court bound by state court's finding that petitioner's PCRA petition was untimely). Therefore, Petitioner's 2007-2010 PCRA proceedings did not toll any portion of the one-year limitations period. His petition is untimely and no basis for equitable tolling of this requirement has been demonstrated.[5] *See* Darden v. Sobina, 477 F. App'x 912, 918 (3d Cir. 2012) (holding equitable tolling did not apply notwithstanding petitioner's argument regarding the "procedural conundrum" he faced due to the need to exhaust state law remedies before filing in federal court).

## C.  Certificate of Appealability

A certificate of appealability will be denied because Petitioner has not made a substantial showing of the denial of a constitutional right or shown that jurists of reason would disagree that his habeas petition was untimely filed. *See*, *e.g.*, Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural ground); Walker v. Government of the Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000).

---

[5] The Supreme Court has stated that a prisoner can avoid the "predicament" of "trying in good faith to exhaust state remedies . . . only to find out at the end that he was never 'properly filed'" by "filing a 'protective' petition in federal court and asking the federal court to stay and abbey the federal habeas proceedings until state remedies are exhausted. Pace, 544 U.S. at 416 (citation omitted).

**D. Conclusion**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 3) will be dismissed as untimely, and a certificate of appealability be denied. A separate order will follow.

Dated: January 8, 2013

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Conrad A. McWilliams
AC 8672
10745 Route 18
Albion, PA 16475-0002
*Via First Class Mail*

Counsel of Record
*Via ECF Electronic Mail*